## Muddy Valley Mining and Mfg. Co. v. Ben. F. Parrish.

1. INSTRUCTIONS—*Assuming Controverted Matters.*—An instruction which assumes the existence of a matter in controversy is erroneous

2. MASTER AND SERVANT—*Hazards of a Dangerous Employment.*— When a position (like that of a shot worker in a coal mine) is dangerous, the dangers of the position are incident to the employment, and must be assumed by the person employed.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1897. Reversed and remanded. Opinion filed March 1, 1898.

GREEN & GILBERT, and W. W. BARR, attorneys for appellant.

While there is an implied contract between employer and employe that the former shall procure and keep suitable tools, implements, means, etc., with which to perform the labors required of the latter, and also that the latter shall be advised by the former of all the dangers incident to the

service of which the latter is not cognizant, yet the failure of the employer in this regard furnishes no excuse for the conduct of an employe who voluntarily incurs a known danger. He must himself use due care and caution to avoid injury. If he has full knowledge of all the perils of a particular service, he may decline to engage in it, or require that it shall first be made safe; but if he does thus enter it, he assumes the risk and must bear the consequences. Pennsylvania Co. v. Lynch, 90 Ill. 333.

If a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he can not maintain an action against the master for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury. Many cases affirming this principle are cited in the brief of counsel for defendant. Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340.

When an employe, after having the opportunity to become acquainted with the risks of his situation, accepts them, he can not complain if he is subsequently injured by such exposure. One may, if he chooses, contract to take the risks of a known danger. Presumptively, he charges, in such cases, in proportion to the risk, or rather for the risk. Chicago & E. I. R. R. Co. v. Geary, 110 Ill. 383.

If a person, knowing the hazards of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain therein, unless, indeed, it may be caused by the willful act of the master. Stafford v. Chicago, B. & Q. R. R. Co., 114 Ill. 244.

The law would imply notice of those things which it was his duty to observe, and with which he had ample opportunity to become acquainted. Atchison, T. & S. F. R. R. Co. v. Alsdurf, 47 Ill. App. 200.

An instruction which assumes a certain fact to be proven in the case is erroneous. It is the province of the court to state the law only, and leave the finding of the facts to the

jury. Irwin v. Atkins et al., 12 Ill. App. 431; Wabash, St. L. & P. Ry. Co. v. Rector, 104 Ill. 305; Chicago, B. & Q. R. R. Co. v. Griffin, 68 Ill. 507; Durham v. Goodwin, 54 Ill. 469.

William A. Schwartz, attorney for appellee.

The gross negligence on the part of the appellant was equal to willful or criminal carelessness, and because appellant's boss did not do his duty in this regard appellee was so badly injured that he will be a cripple for life. It was the duty of appellant, as the master, to use reasonable diligence in seeing that the place where the work of appellee, its servant, was to be performed, was safe for that purpose, and their duty extends not only to such risks as were known to it, but to such as it ought to have known in the exercise of due diligence. Cook v. St. Paul, M. & M. Ry. Co., 34 Minn. 45; Consolidated Coal Co. v. Haenni, 146 Ill. 614; Illinois Steel Co. v. Schymanowski, 162 Ill. 456.

Mr. Presiding Justice Creighton delivered the opinion of the Court.

This was an action on the case by appellee against appellant in the Circuit Court of Jackson County. The declaration consists of two counts in which it is averred that appellee was in the employ of appellant as a shot-worker in its coal mine, to pull down the loose coal which had been blasted by blasters, and that he was carelessly and negligently required to pull down the loose coal in a certain room, the roof of which had slips or faults and was very dangerous to work under, as defendant well knew, and while engaged therein, using due care for his own safety, a large quantity of coal, dirt and slate of a certain slip fell on him, injuring him, etc.; and in the second count is added an averment that the roof of said room was not properly timbered and propped and was dangerous and liable to fall, as defendant well knew. The plea was not guilty. The trial was by jury. Verdict for appellee for $5,000. Motion for new trial overruled. Judgment on the verdict. Appellant duly excepted, brings the case to this court and assigns and urges

as error the giving of appellee's third instruction, the admission of certain testimony over appellant's objection, and that the verdict is against the law and weight of the evidence.   The instruction complained of is as follows:

"If the jury believe and find from the evidence that one William Dowell, the straw boss over the plaintiff, had been informed by one Gullage that the room mentioned in declaration was in a dangerous condition for men to work in, and if you further believe that after receiving such information—if you find that such information was received—said Dowell, the straw boss, ordered and required plaintiff to work in said room, and that plaintiff, while obeying the orders and commands of the straw boss, was injured while using ordinary care for his own safety, then you should find the defendant guilty, unless you further believe from the evidence that the plaintiff knew that the room was dangerous and unsafe, or could have obtained such knowledge by the exercise of ordinary care and prudence for his own safety."

The evidence tends to show that the position of shot-worker in a coal mine is a dangerous employment, and that the rooms are likely to be in a more or less dangerous condition after a blast.   Such dangers are incident to the employment of the shot-worker and must be assumed by him.

Whether or not the particular room in which appellee was injured was in fact in an unusually dangerous condition for a competent and experienced shot-worker, in the exercise of due care, to enter and do therein his particular kind of work, was a pivotal issue in the case and sharply contested; and if so dangerous, whether or not appellant knew of such condition was also a most material issue in the case and also contested.

The instruction assumes that the room was in fact in a dangerous condition for men to work in, and does not attempt to direct the attention of the jury to the difference between that ordinarily dangerous condition in which the shot-worker may expect to find a room after a blast, the dangers of which

he must assume, and that unusually dangerous condition which might make appellant liable. It not only assumes that the room was in fact in a dangerous condition for men to work in, but induces the inference that if it was in a dangerous condition "for men to work in," that would be a sufficiently dangerous condition to warrant a recovery by this shot-worker. It also assumes that because Gullage thought it was dangerous and so expressed himself to the straw boss, that thereby appellant had knowledge that it was in fact dangerous. It only thereby had knowledge that Gullage thought it was dangerous. The straw boss testifies that he did not think it was dangerous. The fact that when the shot-worker went into the room to pull down the loose coal, some of it and other loose material fell on him, does not warrant the court in assuming, as "matter of law," that the room was in an unusually dangerous condition. Whether the room was in fact in an unusually dangerous condition for a competent shot-worker to enter, and with due care and caution, pull down the loose coal, and if it was so, then, whether appellant knew of it before appellee was directed to go there, were questions for the jury to determine. It is contended by appellee that if the instruction complained of is vicious, it is cured by other instructions given at the instance of appellant and could not have misled the jury. Upon careful examination and comparison of all the instructions, in the light of the whole evidence, it does not appear so to us. It is true that a case ought not to be reversed on the ground of a bad instruction alone, where it is clear to the court that substantial justice has been done, but in a close case, where there is grave doubt whether substantial justice has been done, each series of instructions should state the law correctly.

Certain non-expert witnesses were permitted over objection of appellant to state what the straw boss should have done upon receiving the communication from Gullage. Such witnesses may properly testify to the general duty of a straw boss and to the usual and customary course pursued in the particular mine in question. It would have been

proper in this case to have limited the testimony of such witnesses within the above rule, and left the jury, under proper instructions from the court, to determine from all the evidence what was the particular detail of duty resting upon the straw boss in the particular supposed emergency.

In our opinion this case must be reversed and ought to be remanded, and as it will probably be submitted to another jury we purposely refrain from any general comment upon the testimony.

The judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.